MIKE HAGLICH, PLAINTIFF, v. PAUL CEVERLERE, DEFENDANT.

Argued March 2, 1929—Decided June 19, 1929.

For the motion, *Dante Rivetti.*

*Contra, Henry J. Camby.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff brought an action against the defendant to recover damages for injuries which he claims he sustained as a result of an alleged assault and battery committed upon him by the defendant, through the latter's reckless driving of an automobile, along the public highway in Union City.

The action was commenced by a *capias ad respondendum,* and the defendant was held to bail by order of the Supreme Court commissioner. The basis upon which the Supreme Court commissioner ordered bail was an affidavit of the plaintiff, which in substance set forth that on September 8th, 1928, at about eight o'clock in the evening, he was walking on the sidewalk on the easterly side of the Hudson Boulevard, near the southeast corner of the said boulevard and Twenty-seventh street, in Union City; that at about the same time and place the defendant, who resides at 1302 John street, North Bergen, Hudson county, New Jersey, drove and operated a Dodge sedan on said Twenty-seventh street, at an excessive, unlawful and dangerous rate of speed, that when he reached a point on Twenty-seventh street, east of said boulevard, he turned the said automobile sharply to the left and over and upon the sidewalk, and drove the same diagonally across the sidewalk and then and there with great force and violence, struck the plaintiff and threw him a long distance out and upon the boulevard, in the path of an approaching automobile, which was being driven along said boulevard in a northerly direction, which automobile struck him with great force and violence. That as the result of the assault upon him, the plaintiff sustained the following injuries—fracture of the left collar bone; severe contusions to head, back, chest, legs and other parts of his body; minor contusions and abrasions about the other parts of the body; severe nervous shock, and that by reason of

these injuries was confined to his bed for a long period; that he caused the defendant to be arrested, and that the recorder held the latter to bail on a charge of atrocious assault and battery made by the plaintiff, in the sum of $500.

On behalf of the defendant it is moved that the order to hold to bail be set aside on the ground that the affidavit upon which the order for bail was made, does not allege facts which would warrant an order under any one of the three subdivisions mentioned in section 56 of the Practice act. 3 *Comp. Stat., p.* 4068. The necessary statutory grounds to support an order for bail are firstly, where the action is founded upon a seduction or an outrageous battery or mayhem; or, secondly, where the action is for the recovery of damages for the misconduct or neglect of a public officer; or, thirdly, where the proof establishes special cause as heretofore for holding the defendant to bail.

The affidavit upon which the *capias ad respondendum,* and the order to bail rest, is clearly insufficient to support them. The affidavit fails to disclose an outrageous battery. The phrase "outrageous battery" has a legislative meaning. The words are used in conjunction with the word "mayhem," and hence the adopted rule of statutory interpretation *noscitur a socilis* is applicable.

1 *Russ. Cr.* (*7th ed.*) 852, defines mayhem at common law as follows: "A bodily hurt whereby a man is rendered less able in fighting to defend himself or to annoy his adversary, is properly a maim at common law. Therefore, the cutting off, or disabling or weakening a man's hand or finger, or striking out his eye or fore-tooth, or depriving him of those parts, the loss which, in all animals, abates their courage are held to be maims; but the cutting off of his ear, or nose, or the like, are not held to be maims at common law; because they do not weaken a man, but only disfigure him. In order to found an indictment of mayhem the act must be done maliciously though it matters not how suddenly occasioned."

To me it seems quite clear that in order to constitute an outrageous assault and battery, the act or acts complained of must be of a character akin to mayhem, and must be mali-

cious. As neither of these requisites is made to appear from the facts set forth in the affidavit, the order to hold to bail will be set aside, but the action may proceed as if commenced by summons.