ROSE STUMBFL, PLAINTIFF, v. KALLMAN DATTON, DEFENDANT.

Submitted October term, 1932—Decided April 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff, *William W. Whitson* (*Russell G. Conover*, of counsel).

For the defendant, *Paul W. Ewing.*

PER CURIAM.

This is an application to set aside an order of a Supreme Court commissioner that the defendant be held to bail in the sum of $1,000 to answer unto the plaintiff in an action at law. The grounds upon which we are asked to set aside the order are (1) that the affidavit does not set forth facts showing the commission of an outrageous battery and (2) that the affidavit does not mention any special cause for which the defendant should be held to bail.

The basis of the order to hold to bail was an affidavit of the plaintiff which alleges that on April 2d, 1932, the defendant, without just cause or provocation, maliciously and brutally attacked plaintiff with his hands and fists, striking her repeatedly in the face with his clinched fists, pushing her down across a day-bed, choking her, cursing her and otherwise injuring her, breaking her eyeglasses, cutting and bruising her cheek, bruising and injuring her left shoulder, arm and back.

Plaintiff seeks to justify the order to hold to bail upon the provisions of section 56 of the Practice act of 1903 (*Pamph. L.* 1903, *ch.* 247 (at *p.* 550), wherein it is provided that no order to hold to bail shall be made unless—"first, such action is founded upon a seduction or an outrageous battery or mayhem; or, second, such action is for the recovery of damages for the misconduct or neglect of a public officer; or, third, the proof establishes special cause as heretofore for holding the defendant to bail."

In *Gardner* v. *Marcocci*, 43 *N. J. L. J.* 338, our present chancellor, then Circuit Court judge, held that an affidavit setting forth that the defendant struck the plaintiff over her eye with his right hand, on which he wore a ring with a diamond chip in it, and that he kicked her in the ribs and stomach, and pulled her hair and caused her to bleed pro-

fusely from the mouth did not show an outrageous battery. Mr. Justice Katzenbach in *Jacobs* v. *Costanza,* 136 *Atl. Rep.* 807, relied upon that holding as a precedent. In *Haglich* v. *Ceverlere,* 105 *N. J. L.* 521; 146 *Atl. Rep.* 591, Mr. Justice Kalisch, considering an order to hold to bail wherein the facts were not at all parallel with those of the instant case, nevertheless stated applicable principles of law. He said: "The phrase 'outrageous battery' has a legislative meaning. The words are used in conjunction with the word 'mayhem,' and hence the adopted rule of statutory interpretation *noscitur a sociis* is applicable." He then quotes the definition of mayhem at common law as given by 1 *Russ. Cr. & M.* 719; to which may be added the statutory crime of mayhem to be found in section 112 of the Crimes act (2 *Comp. Stat., p.* 1782), which in its substantial parts has been on our statute books for many years. 1 *Gen. Stat., p.* 1063, § 76; *Revision of the Statutes of New Jersey, p.* 240, § 76; *Statutes of New Jersey, p.* 276, § 63.

Following this trend of opinions we think that there is nothing in the affidavit that shows an outrageous battery within the meaning of our statutes unless it be the injuring of the plaintiff's "left shoulder, arm and back." While we are not prepared to say that these members could not be injured in such a way as to constitute either an outrageous battery or mayhem, we think there is nothing in the affidavit to show such extensive injury as to cause the act of the defendant to be so classed. That being so, the affidavit fails to show any ground within the statute.

The order to hold to bail should be set aside and the bail discharged, with costs to the defendant on this motion. The action may proceed as if commenced by summons and complaint.