### HUDSON COUNTY CIRCUIT COURT.

ALFRED MESSINA, ADMINISTRATOR AD PROSEQUENDUM
OF THE ESTATE OF CONCETTA MESSINA, DECEASED,
PLAINTIFF, v. GIOVANNI PETROLI, DEFENDANT.

Decided July 20, 1933.

For the plaintiff, *Michael D. Miriello* (*Edward A. Mark-ley,* of counsel).

For the defendant, *Louis J. Messano.*

BROWN, C. C. J. The defendant moves to set aside an order of a Supreme Court commissioner awarding a writ of attachment on the ground that the affidavit upon which the order was issued does not allege facts which would warrant the issuance of a writ. The affidavit upon which the writ was issued alleges that Alfred Messina and Concetta Messina his wife, on the 1st day of June, 1933, resided on the same floor and in the same building in the city of Jersey City in which the defendant lived. The affidavit contains the specific charge that:

"While my wife was in the kitchen cooking supper, the above mentioned Giovanni Petroli did attack my wife and with a gun, shot her a number of times from which shots she instantly died. * * * I went to my wife's rescue and the said Giovanni Petroli turned the gun on me, but the bullet

did not hit me. * * * The said Giovanni Petroli is now detained in the Hudson County jail under a charge of murdering my wife. * * * My wife left no children surviving her, she died intestate. I have been appointed administrator *ad prosequendum* and also general administrator of my wife's estate."

Upon this affidavit the Supreme Court commissioner did adjudge and decide that "Alfred Messina, administrator *ad prosequendum* of the estate of Concetta Messina, deceased, * * * has a cause of action which arose in this state against Giovanni Petroli for outrageous battery caused by the said Giovanni Petroli upon the deceased."

The writ of attachment is directed against the goods and chattels, &c., of Giovanni Petroli, "to answer Alfred Messina, administrator *ad prosequendum* of Concetta Messina, deceased, in an action in tort to the damage of Alfred Messina, administrator as above."

The defendant in his brief contends that the affidavit upon which the commissioner issued the order does not contain sufficient facts to establish the charge of outrageous battery within the meaning of the Practice act of 1903, providing for the issuance of writs of attachment in such cases. It is clearly established in the decisions of our state that an outrageous battery has a legislative meaning, and the act or acts complained of must be of a character akin to mayhem and must be malicious. *Haglich* v. *Ceverlere,* 105 *N. J. L.* 521; 146 *Atl. Rep.* 591; *Keegan* v. *Carhart et al.,* 106 *N. J. L.* 841; 147 *Atl. Rep.* 841. The court cannot conceive of an act performed by the defendant that would be more malicious than established by the affidavit in this case. The results of the assault were certainly akin to mayhem as the decedent was not only rendered less able to defend herself, which is usually considered the test of mayhem at common law, but her life was immediately destroyed by the defendant thereby extinguishing all possibilty of defense. The court finds that "an outrageous battery" was committed by the defendant upon the decedent Concetta Messina within the meaning of the statute. The defendant also contends in his brief that

the right to a writ of attachment did not survive to the personal representatives of Concetta Messina. The act of March 15th, 1855 (*Comp. Stat.* 1910, *p.* 3260, § 4), provides:

"Actions by executors or administrators for trespass—That executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser or trespassers, and recover their damages in like manner as their testator or intestate would have had if he or she was living."

The Death act of March 3d, 1848 (*Comp. Stat.* 1910, *p.* 1907, § 7), provides:

"That whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

This act was amended by *Pamph. L.* 1917, *p.* 531 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 928, § 55-10), in which amendment it was provided that:

"Every action, proceeding or claim brought, instituted or made under and by virtue of the remedy given by the act to which this is a supplement shall be brought, instituted or made in the name of an administrator *ad prosequendum* of the decedent whose death gives rise to the claim under the act to which this act is a supplement; except where such deceased dies testate, and his or her will is probated, the executor or executors therein named, who qualify, shall bring, institute or make such action, proceeding or claim. The amount recovered in every such action shall be for the exclusive benefit of the widow, surviving husband and next of kin of such deceased person, and shall be distributed to such widow, surviving husband and next of kin in proportion provided by law in relation to the distribution of personal prop-

erty left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just with reference to the pecuniary injuries resulting from such death to the wife, surviving husband, and next of kin of such deceased person."

It will be seen that the 1855 act gives to the executor or administrator of an estate an action for any trespass done to the person or property of their testator or intestate. The Death act of 1848 gives a right of recovery where death ensues by the wrongful act, neglect or fault of another. *Soden* v. *Trenton, &c., Traction Co.,* 101 *N. J. L.* 393; 127 *Atl. Rep.* 558; *Alston* v. *Hankey,* 108 *N. J. L.* 226; 156 *Atl. Rep.* 915. The amendment to the Death act (*Pamph. L.* 1917, *p.* 531, directs that *every action* brought to recover damages under the Death act shall be instituted or made in the name of an administrator *ad prosequendum* of the decedent. An administrator *ad prosequendum* under *Pamph. L.* 1917 *p.* 531, has a limited power of administration. The letters granted to an administrator *ad prosequendum* can only empower him to bring an action as such administrator for damages on account of the death of his decedent. He is without authority to accept payment in settlement thereof or satisfaction for any judgment obtained. The legislature not only gives a cause of action on account of death due to the negligent or wrongful act of another but vests the right to force the same in the name of an administrator *ad prosequendum*. *Sakos* v. *Byers,* 109 *N. J. L.* 302; 162 *Atl. Rep.* 580. The proper parties plaintiff in a suit for damages on account of injuries that results in death is further indicated in the case of *Ryan* v. *Public Service Railway Co.,* 103 *N. J. L.* 145. There were two causes of action in that case, one by Ryan as general administrator who sued to recover damages for pain and suffering, loss of earnings, medical and other expenses incurred in attempting to effect a cure; and, as administrator *ad prosequendum,* sued to recover the damage to the next of kin of the decedent by reason of her death. The court held in that case (at *p.* 147):

"Our conclusion is that pain and suffering are items for

which recovery may be had, and that the right to an action therefor is clearly given to executors and administrators under section 4 of the Executors and Administrators act. *Rev.* 2 *Comp. Stat., p.* 2260.

"It is urged that in *Soden* v. *Trenton, &c., Traction Co.,* 101 *N. J. L.* 393; 127 *Atl. Rep.* 558, this court limited the right of recovery under section 4 of the Executors and Administrators act, *supra,* to the 'expense of care, nursing, medical attendance, hospital and other proper charges incident to an injury, as well as the loss of earnings in the lifetime of the deceased.' * * * But this is not so. In the matter then before us, the only elements of damage sought to be recovered were those just quoted from the opinion of Mr. Justice Lloyd, and the element of pain and suffering not being before us, was not considered."

Applying the authorities cited it will be seen that a general administrator, if one were appointed for the estate of Concetta Messina, would under the Executors and Administractors act of 1848 (*Comp. Stat.* 1910, *p.* 2260, § 4), have the right to bring an action against the defendant for pain and suffering and the other losses recoverable as in the case of *Ryan* v. *Public Service, supra,* if there were any such damages. It may be that the instant death of Concetta Messina resulting from the assault would reduce the amount of recovery. In any event an action for an outrageous battery committed on the decedent to recover for pain and suffering; money losses and punitive damages should be brought in the name of the general administrator and not by an administrator with limited powers as the plaintiff in this case.

The Supreme Court commissioner in the instant case decided that the plaintiff as administrator *ad prosequendum* had a right of action against the defendant for the outrageous battery complained of. No such right of action is given in law. The commissioner further ordered that the writ of attachment do issue, "to answer Alfred Messina, administrator *ad prosequendum* of Concetta Messina, deceased, in an action in tort to the damage of Alfred Messina, administrator as above."

This order was made without warrant or authority in law.

For the reasons stated the motion to set aside the writ of attachment in this case will be granted and an order may be entered accordingly.